IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
JAMES BONINI
CLERK

09 OCT -6 PM 12: 35

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

BRENDA K. MCMAHON
2925 Leatherleaf Way
Columbus, OH 43231

    Plaintiff

v.

ResCare
9901 Linn Station Road
Louisville, Kentucky, 40223-3308

and

ResCare Central Ohio
6170 Busch Boulevard
Columbus, OH 43229

and

VOCA CORPORATION
6170 Busch Boulevard
Columbus, OH 43229

    Defendants

Case No. **2:09 cv 876**

**JUDGE SMITH**

**MAGISTRATE JUDGE KING**

Judge

## COMPLAINT

### JURISDICTION

1. Brenda McMahon is an Ohio resident residing at 2925 Heatherleaf Way, Columbus, Ohio 43231.

2. VOCA Corporation, is a Kentucky corporation, having a place of business in Franklin County at 6170 Busch Boulevard, Columbus, Ohio 43229, and is subject to the jurisdiction and venue of this Court.

3. ResCare and ResCare Central Ohio are Delaware Corporations with a principal office in Louisville, Kentucky and an Ohio business located at 6170 Busch Boulevard, Columbus, Ohio and are subject to the jurisdiction and venue of this court.

## FACTUAL BACKGROUND

4. Brenda McMahon was employed as a licensed practical nurse by Defendant from June 8, 2000 until February 24, 2009.

5. Plaintiff Brenda McMahon was on medical leave pursuant to the terms of the Family and Medical Leave Act from February 23, 2009, to March 9, 2009, following a motor vehicle accident on or about February 22, 2009.

6. Plaintiff called work to report her motor vehicle accident on or about February 23, 2009.

7. Plaintiff's supervisor sent Family Medical Leave Act (FMLA) paperwork for Plaintiff to fill out and submit to Defendant.

8. Plaintiff submitted the completed and signed FMLA paperwork to Defendant on February 27, 2009.

9. Plaintiff Brenda McMahon was also on intermittent medical leave pursuant to the terms of the Family and Medical Leave Act to care for a serious health condition of her child, Sean T. McMahon.

10. The Plaintiff's child had a medical condition beginning in January 2008.

11. The probable duration of the child's condition was estimated by a psychiatric nurse practitioner to last until the child reached 18 years of age.

12. Brenda McMahon was unlawfully terminated from her employment by ResCare Inc. acting by and through its agents, servants, and employees on March 6, 2009.

13. The reason provided to Plaintiff by Defendant for termination of employment was failure to adhere to the Performance Improvement Plan.

14. The Performance Improvement Plan is a program designed to prevent disciplinary action from being necessary in the future. It contains suggestions that are not disciplinary measures themselves.

15. Plaintiff's Performance Improvement Plan, dated November 5, 2008 listed five areas of concern "to succeed" in the position.

16. The Performance Improvement Plan stated that the supervisor would meet with Plaintiff to review her progress.

17. No meeting occurred regarding the Performance Improvement Plan between Plaintiff and ResCare Inc. or its employees.

18. No progress report was issued by Plaintiff's supervisor regarding the Plaintiff's progress.

19. Plaintiff received no feedback on her performance as a result of the Performance Improvement Plan.

20. Plaintiff received several Service Awards and the Exceptional Professional of the Quarter Award while employed with ResCare Inc.

21. Plaintiff consistently met or exceeded expectations in her annual performance reviews.

22. On March 19, 2009 Plaintiff filed a request for unemployment benefits with the Ohio Department of Job and Family Services.

23. ResCare Inc., in its reply as the VOCA Corporation to Plaintiff's unemployment benefits request, stated that the reason for termination of Plaintiff's employment was absence from work or tardiness.

24. Plaintiff Brenda McMahon was earning the equivalent of $22.49 per hour in her employment with Defendant.

25. Plaintiffs subsequent employment, while similar in the character of services provided, provided just $21.50 per hour.

26. Plaintiff had the option at ResCare to contribute to a 401(k) plan, with matching contributions of Defendant up to five percent (5%) of her wages.

### COUNT I - VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

27. Plaintiff, Brenda McMahon, re-alleges each and every allegation contained in paragraphs one (1) through twenty-five (25) hereof, as if fully re-written herein.

28. Defendant discriminated against Plaintiff Brenda McMahon on the basis of her election

to exercise her rights guaranteed to her by the Family Medical Leave Act of 1993, 29 U.S.C. § 2612, et seq., in that during the period of her leave the Defendant terminated Plaintiff's employment and later stated that it was because of her absence from work.

29. As a direct and proximate result of the acts of the Defendant, as set forth in this Complaint, Plaintiff has suffered loss of employment and was forced to take a lower salary at another job, resulting in a significant financial loss over the remainder of her working life.

30. As a direct and proximate result of the acts of Defendant, Plaintiff lost the matching 401(k) contributions from Defendant, resulting in financial loss over the remainder of her working life.

WHEREFORE, as a result of the above, Plaintiff, Brenda McMahon respectfully requests a sum in excess of this Court's jurisdictional limit for compensatory damages, attorneys' fees and costs, and such other relief this Court or jury may deem just, equitable, and fair.

*/s/ Edward Foley*

J. Edward Foley (0070988)
**McGrath & Foley LLP**
140 E. Town Street, Suite 1070
Columbus, Ohio 43215
(614) 220-0005
(614) 464-0572
edfoleyesq@aol.com
Attorney for Plaintiff